## MARTIN v. COLE.

PRACTICE IN THE SUPREME COURT: PREPARATION OF ABSTRACTS.

BECK, CH. J.—The facts of the case are few, and not at all intricate when discovered among the immense amount of matter that is presented to us under the name and semblance of abstracts of the records. After winnowing with much toil and no little perplexity and vexation more than two hundred pages of chaff, which is called printed abstracts, we find a small measure of grain—a few facts which could have been, and ought to have been, fully and clearly set out in one-tenth the number of pages. There is, too, a wonderful absence of order in the arrangement of the matter before us, and great disregard of the rules applicable to the preparation of abstracts; there is no index; in the titles of the cases it is not indicated which party appeals; the different parts of the records are not given in their proper order; the wrong party is often referred to as appellant or appellee, and exhibits are referred to without their dates or contents being stated, which are only ascertained by patient search through the great mass of undigested matter. Many other defects of the kind could be pointed out. These things have cost each of us many hours of unprofitable labor. We call attention to this matter that it may answer as an introduction to the announcement that such things will not be hereafter tolerated. Hereafter, upon the discovery of such delinquencies, the submissions in the cases where they may occur, will be set aside, and counsel will be required to furnish properly prepared abstracts.

In such cases counsel for appellees are not entirely blameless, for they are required to submit additional abstracts when appellant's are insufficient,

and they ought to make, at the proper time, objections to the submission of cases when their opponents have failed to comply with the law, and these rules of the court. They cannot, therefore, complain on account of delay which may result from the course we propose to pursue.

In these cases but one-third of the costs of the appellant's abstracts will be taxed. We think the cases would have been more clearly presented by even a less outlay in printing. The object of the rules requiring abstracts is to secure an abridgment of the record which will in the briefest space present all of the facts of the case. The great increase of the business of the court imperatively demands that we have aids of this kind; they are essential to the disposition of the business, without its accumulation from term to term. The practice of printing the record in the very form in which it is filed in this court in manuscript prevails with some attorneys. This must be corrected. What our rules require is an abridgment or an abstract, and they must be observed.